# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| COOPERATIVE ELEVATOR ASSOCIATION,<br><br>    Plaintiff,<br><br>vs.<br><br>GENERAL RAILWAY CORPORATION,<br>*dba* Iowa Northwestern Railroad,<br><br>    Defendant. | No. C04-4069-MWB<br><br>**ORDER ON MOTION TO RECONSIDER, AND REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT** |

_____

This matter is before the court on the plaintiff's motion (Doc. No. 22) asking the court to reconsider its order (Doc. No. 20) setting aside the Clerk's entry of default against the defendant (Doc. No. 19). In addition, the plaintiff has filed a new motion for entry of default judgment against the defendant (Doc. No. 28). The court held a hearing on this matter on June 27, 2005, at which Daniel E. DeKoter appeared on behalf of the plaintiff and Daniel L. Hartnett appeared on behalf of the defendant. The hearing was adjourned, and resumed on June 29, 2005, at which time the defendant offered the testimony of John Larken, the defendant's President.

The court finds the defendant has failed to show good cause to cure its default in this matter. Accordingly, the court's order setting aside the Clerk's entry of default against the defendant is **withdrawn**, and the Clerk's entry of default (Doc. No. 19) is reinstated.

The court turns now to consideration of the plaintiff's motion for judgment of default, and recommendation of the form such judgment should take in this case.

This case arises from the defendant's apparent abandonment of Iowa Northwestern Railroad ("INR"), a short-line railroad extending from Allendorf, Iowa, to Superior,

Iowa. The record before the court indicates the defendant has removed several miles of steel rail from the INR line, including a section of the line that passes through Harris, Iowa, where the plaintiff maintains an elevator. The record also indicates the defendant has taken up additional rail during the pendency of this action. The plaintiff claims the defendant has not followed applicable law in discontinuing rail service on the INR, to the plaintiff's detriment. (*See* Doc. No. 2)

In this action, the plaintiff seeks only equitable relief, in the form of an order enjoining the defendant from removing any further rail, railroad ties, or tie plates, or taking any further action with regard to the abandonment of the INR or discontinuance of service on the INR line, until the defendant receives approval from the Surface Transportation Board ("STB") as required by 49 U.S.C. § 10101 *et seq*. The plaintiff also seeks an order directing the defendant to initiate appropriate proceedings with the STB.

During the proceedings regarding the plaintiff's motion to reinstate the entry of default, the defendant, for the first time, raised the issue of whether this court has subject matter jurisdiction over the plaintiff's claims. The defendant argues the STB has exclusive jurisdiction over the plaintiff's claims, citing 49 U.S.C. § 10501(b), which confers upon the STB exclusive jurisdiction over the abandonment or discontinuance of service of a rail line. The statute specifically provides that its remedies "with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law." 49 U.S.C. § 10501(b).

However, in the present case, the plaintiff is not seeking to have the INR declared to be abandoned, to have abandonment of the INR line declared exempt from regulation, or any other remedy within the STB's exclusive province. Rather, the plaintiff seeks to force the defendant to pursue appropriate action with the STB before the plaintiff commits

further waste upon the INR line and its equipment. The court has jurisdiction over the plaintiff's claims in this case. *See Pejepscot Indust. Park, Inc. v. Maine Central R. Co.*, 215 F.3d 195 (1st Cir. 2000) (examining legislative history of statute and reaching similar conclusion).

The next question is whether the court should exercise its jurisdiction in granting relief, or refer the plaintiff's claim to the STB under the doctrine of primary jurisdiction. *See id.* Because the plaintiff is not seeking a determination with regard to the defendant's operation of the INR, but rather seeks only to force the defendant to file an application for abandonment with the STB, the court believes referral of this case to the STB is neither warranted nor necessary.

The court finds the most appropriate action would be to enjoin the defendant from removing further rail line or taking any further action with regard to the physical components of the INR unless and until the defendant obtains approval from the STB to do so. This remedy will protect the plaintiff's interests and prevent ongoing prejudice to the plaintiff, while respecting the jurisdiction of the STB with regard to any decision about what further actions the defendant may take with respect to the INR and the rails, ties, and other physical components of the rail line.

Therefore, IT IS RESPECTFULLY RECOMMENDED, unless any party files objections[1] to the report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b) within ten (10) days of the service of a copy of this report and recommendation, that judgment be entered in favor of the plaintiff and

---

[1]The plaintiff must specify the parts of the report and recommendation to which objections are made. In addition, the plaintiff must specify the parts of the record, including exhibits and transcript lines, which form the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to file timely objections may result in waiver of the right to appeal questions of fact. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 106 S. Ct. 466, 474-75, 88 L. Ed. 2d 435 (1985); *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

against the defendant; that the defendant be enjoined from removing further rails or any other physical components of the INR unless and until authorized to do so by the STB.

**IT IS SO ORDERED.**

**DATED** this 30th day of June, 2005.

_____
PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT