# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| COOPERATIVE ELEVATOR ASSOCIATION,<br><br>           Plaintiff,<br><br>vs.<br><br>GENERAL RAILWAY CORPORATION d/b/a IOWA NORTHWESTERN RAILROAD,<br><br>           Defendant. | No. C04-4069-MWB<br><br>**ORDER ACCEPTING MAGISTRATE'S REPORT AND RECOMMENDATION** |

_____

## *I. BACKGROUND*

On July 29, 2004, plaintiff Cooperative Elevator Association ("CEA") filed a complaint in this court on grounds of diversity jurisdiction, 28 U.S.C. § 1331, and federal question jurisdiction grounded in 49 U.S.C. § 10903. (Doc. No. 2). The complaint further avers that defendant General Railway Corporation ("General Railway") owns and operates a short-line railroad called the Iowa Northwestern Railroad ("INR"), which extends from Allendorf, Iowa, to Superior, Iowa. The complaint further states that CEA is a shipper with grain load-out facilities on the INR short-line, a "rail carrier" within the meaning of 49 U.S.C. § 10903, and subject to the jurisdiction of the Surface Transportation Board ("STB") pursuant to 49 U.S.C. § 10101, *et seq*. The complaint asserts that General Railway removed, and discontinued use of, approximately ten miles of steel rail from the INR without the approval of the STB and without following the abandonment and discontinuance of service procedures established by federal law. The complaint seeks two

forms of relief: (1) an order of the court directing General Railway to send a Notice and Application for Abandonment to the STB and to follow all other federal laws in relation to the discontinuance and abandonment of portions of the INR short-line; and (2) a preliminary and permanent injunction prohibiting General Railway from removing any additional rail, railroad ties, tie plates or other components from the INR short-line.

On August 23, 2004, John F. Larkin, the President and CEO of General Railway, filed a *pro se*, unsigned, answer to CEA's complaint. (Doc. No. 6). On November 30, 2004, CEA filed a Proposed Scheduling Order (filed as a status report)—which indicated that CEA has attempted to confer with General Railway as to the details of the proposed scheduling order on a number of occasions, but had received no response. (Doc. No. 9). Following a telephonic scheduling conference on December 7, 2004, United States Magistrate Judge Paul A. Zoss entered an order requiring General Railway to have an attorney appear in the case on its behalf within thirty days of the date of the order, "or the defendant will be deemed to be in default and the court will entertain the plaintiff's motion for default judgment against the defendant." (Doc. No. 11). No attorney entered an appearance on behalf of General Railway within the specified time period.

On February 3, 2005, CEA filed a Motion for Default Judgment. (Doc. No. 14). On February 22, 2005, this court denied CEA's Motion for Default Judgment without prejudice for failure to comply with the procedure embodied in Federal Rule of Civil Procedure 55(a). (Doc. No. 16). On February 23, 2005, in accordance with Rule 55, CEA filed an Application for Entry of Default by Clerk of Court (Doc. No. 17), which was granted by the Clerk of Court on that same day. (Doc. No. 18).

On May 12, 2005, General Railway filed a Motion to Set Aside Entry of Default (Doc. No. 19), which was granted by Magistrate Judge Zoss. (Doc. No. 20). On May 24, 2005, CEA filed a Motion to Set Aside Order of Court Allowing Entry of Default to Be

Set Aside. (Doc. No. 22). A resistance to this motion was subsequently filed by General Railway. (Doc. No. 27). Following two telephonic hearings on the matter with Judge Zoss, CEA filed a Motion for Judgment on Default on June 28, 2005. (Doc. No. 28). Judge Zoss held yet another telephonic conference with the parties, and on June 30, 2005 issued an order which withdrew Judge Zoss's previous order setting aside the entry of default, granted the Motion to Reconsider Order Setting Aside Entry of Default, and reinstated entry of default against General Railway. (Doc. No. 30). Additionally, Judge Zoss issued a Report and Recommendation as to CEA's June 28, 2005, Motion for Judgment on Default. (Doc. No. 30). In his Report and Recommendation, Judge Zoss noted the following:

> This case arises from the defendant's apparent abandonment of Iowa Northwestern Railroad ("INR"), a short-line railroad extending from Allendorf, Iowa, to Superior, Iowa. The record before the court indicates the defendant has removed several miles of steel rail from the INR line, including a section of the line that passes through Harris, Iowa, where the plaintiff maintains an elevator. The record also indicates the defendant has taken up additional rail during the pendency of this action. The plaintiff claims the defendant has not followed applicable law in discontinuing rail service on the INR, to the plaintiff's detriment. (*See* Doc. No. 2)
>
> In this action, the plaintiff seeks only equitable relief, in the form of an order enjoining the defendant from removing any further rail, railroad ties, or tie plates, or taking any further action with regard to the abandonment of the INR or discontinuance of service on the INR line, until the defendant receives approval from the Surface Transportation Board ("STB") as required by 49 U.S.C. § 10101 *et seq.* The plaintiff also seeks an order directing the defendant to initiate appropriate proceedings with the STB.
>
> During the proceedings regarding the plaintiff's motion to reinstate the entry of default, the defendant, for the first

3

time, raised the issue of whether this court has subject matter jurisdiction over the plaintiff's claims. The defendant argues the STB has exclusive jurisdiction over the plaintiff's claims, citing 49 U.S.C. § 10501(b), which confers upon the STB exclusive jurisdiction over the abandonment or discontinuance of service of a rail line. The statute specifically provides that its remedies "with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law." 49 U.S.C. § 10501(b).

However, in the present case, the plaintiff is not seeking to have the INR declared to be abandoned, to have abandonment of the INR line declared exempt from regulation, or any other remedy within the STB's exclusive province. Rather, the plaintiff seeks to force the defendant to pursue appropriate action with the STB before the plaintiff commits further waste upon the INR line and its equipment. The court has jurisdiction over the plaintiff's claims in this case. *See Pejepscot Indust. Park, Inc. v. Maine Central R. Co.*, 215 F.3d 195 (1st Cir. 2000) (examining legislative history of statute and reaching similar conclusion).

The next question is whether the court should exercise its jurisdiction in granting relief, or refer the plaintiff's claim to the STB under the doctrine of primary jurisdiction. *See id*. Because the plaintiff is not seeking a determination with regard to the defendant's operation of the INR, but rather seeks only to force the defendant to file an application for abandonment with the STB, the court believes referral of this case to the STB is neither warranted nor necessary.

The court finds the most appropriate action would be to enjoin the defendant from removing further rail line or taking any further action with regard to the physical components of the INR unless and until the defendant obtains approval from the STB to do so. This remedy will protect the plaintiff's interests and prevent ongoing prejudice to the plaintiff, while respecting the jurisdiction of the STB with regard to any decision about what further actions the defendant may take with respect to the INR and the rails, ties, and other physical

components of the rail line.

Report and Recommendation at 1-3. Ultimately, Judge Zoss recommended CEA's Motion for Judgment on Default be granted and that the defendant be enjoined from removing further rails or other physical components of the INR unless authorized to do so by the STB. Report and Recommendation at 3-4. Though the Report and Recommendation gave the parties ten days in which to file objections, objections were not filed by either party.

## *II. ANALYSIS*

Pursuant to statute, this court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate

judge's report where such review is required.  *See, e.g.*, *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (citing 28 U.S.C. § 636(b)(1)); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).  In this case, no objections have been filed, and it appears to the court upon review of Judge Zoss's findings and conclusions, that there is no ground to reject or modify them.  Therefore, the court **accepts** Judge Zoss's Report and Recommendation of May 6, 2005, regarding CEA's Motion for Judgment on Default. (Doc. No. 28).

## III.  CONCLUSION

For the reasons set forth above, the court **accepts** Judge Zoss's Report and Recommendation.  CEA's Motion for Judgment on Default is **granted**.  Additionally, General Railway is **enjoined** from removing **any** further physical components—including, but not limited to: rail, railroad ties, and tie plates—from the INR short line, or taking any further action with regard to the abandonment or discontinuance of service on the INR short line, without first receiving prior permission of the Surface Transportation Board as required by 49 U.S.C. §§ 10101 *et seq*.  Finally, General Railway is **ordered to file its Notice and Application for Abandonment** of the portion of the Iowa Northwestern Railroad at issue in this controversy to the Surface Transportation Board, the Department of Transportation and all shippers along the rail line pursuant to 49 U.S.C. §10101 *et seq.*, **on or before September 5, 2005**.  General Railway shall also, concurrently with filing with the Surface Transportation Board, **serve a copy of the Notice and Application for Abandonment on CEA and file a copy with this court as indicia of compliance with this order**.

**IT IS SO ORDERED.**

**DATED** this 16th day of August, 2005.

                                                MARK W. BENNETT
                                                CHIEF JUDGE, U. S. DISTRICT COURT
                                                NORTHERN DISTRICT OF IOWA